# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| EDNA MOORE, | ) | |
| Plaintiff, | ) ) ) | No. 2:19-cv-02008-TLP-dkv |
| v. | ) ) | JURY DEMAND |
| DILLARDS, INC., | ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS

Plaintiff Edna Moore sued Defendant Dillards, Inc. claiming employment and disability discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act, 42 U.S.C. §§ 12112 to 12117. (ECF No. 1.) After the parties jointly requested to stay the case pending arbitration, the Court entered an Order to Stay Pending Arbitration and directed Plaintiff to "file a demand and/or complaint with the American Arbitration Association . . . within 30 days . . . .") (ECF No. 15 at PageID 161.) According to the Court's Order, Plaintiff had to file the arbitration demand on or before October 7, 2019.

Defendant now moves to dismiss Plaintiff's claims with prejudice under Federal Rule of Civil Procedure 41(b), stating that Plaintiff failed to make her arbitration demand on time. (ECF No. 17 at PageID 164.) Plaintiff then filed a response in opposition, arguing that the Court should excuse the failure to file because the failure resulted from a miscommunication, that she was currently filing for arbitration, and that the short delay does not harm Defendant. (ECF No. 18 at PageID 167.)

On November 20, 2019, the Court issued an Order to Show Cause why this case should not be dismissed because the Court had received no indication that Plaintiff had complied with the Court's September 9, 2019 Order. (ECF No. 20.) Thereafter, the parties informed the Court that Plaintiff did file the arbitration—although it was late. Defendant acknowledged receiving a notice of filing with the American Arbitration Association on November 13, 2019.

Although Plaintiff's arbitration complaint was untimely, this Court finds cause to excuse the delay. Plaintiff's delay was the result of a miscommunication between her and counsel. (ECF No. 18.) Plaintiff was to file for arbitration without the assistance of counsel to keep her costs down. (ECF No. 22.) It also appears to be the result of an unexpected illness that was not communicated between them. (*Id.*) And as soon as counsel became aware of Plaintiff's inability to file, counsel filed arbitration on Plaintiff's behalf. (*Id.*)

Because this Court finds cause to excuse the delay and because Plaintiff has, in fact, filed her complaint with the American Arbitration Association, the Court **DENIES AS MOOT** Defendant's motion to dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**SO ORDERED**, this 4th day of December, 2019.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE